## BROWN v. SMITH & KELLY.

For an injury inflicted by the negligence of the servant of the defendants in the performance of work for which he was hired by them to another who has complete control and direction of him for the occasion, the defendants having no such control, though receiving payment for the work performed by him, and the person to whom he is hired having the exclusive right to discharge him and put another in his place or to put him about other work, there is no liability on the defendants ; he being, for the time, not their servant but that of the hirer.

December 1, 1890.

Negligence. Master and servant. Before Judge HARDEN. City court of Savannah. July term, 1890.

Reported in the decision.

LESTER & RAVENEL, for plaintiff.

O'CONNOR & O'BYRNE, for defendants.

SIMMONS, Justice.

Brown sued Smith & Kelly for damages, alleging in substance that he was engaged as a laborer in discharging a vessel laden with coal lying at the wharf of C. H. Dixon, in Savannah; that it was his duty to remain in the hold of the vessel to receive empty tubs as they were lowered into the hold, and to unhook them from the hoisting rope, and hook thereon full tubs to be hoisted therefrom; that there was also then and there employed in discharging the vessel a certain pair of mules, the property of said Smith & Kelly, managed and controlled by their servant, these mules being attached to a rope used in hoisting the coal, and being driven by said servant of the defendants; that during the discharging of the vessel, it was the duty of this servant, as an empty tub was loaded into the vessel, to keep the mules stationary while the plaintiff unhooked the empty tub from the rope and hitched thereto a full tub, and not to drive the mules off or permit them to walk off until satisfied that the plaintiff had finished the hooking and unhooking; that an empty tub had been lowered into the hold, and while he was engaged in unhooking it from the rope and before he had finished doing so, the driver of the mules, without any signal so to do, negligently and carelessly permitted the mules to walk off, jerking the empty tub against the petitioner's hand, catching the hand between the tub and the side of the hatchway, and crushing and mashing it so as to make it necessary to amputate the third finger, depriving him of the use of his hand and causing him to lose time and money, etc., and giving him great pain. The jury returned a verdict in favor of the defendants, and the plaintiff moved for a new trial, which was refused, the court holding that under the evidence the plaintiff was not

entitled to recover, because the driver of the mules was not the servant of the defendants, but the servant of Dixon. The evidence on this point in substance was, that Dixon had a vessel loaded with coal, and employed Brown, the plaintiff, to assist in unloading it, and hired from Smith & Kelly a pair of mules and a driver. The mules were to be hitched to a rope, and by this means were to pull the tubs of coal out of the hold upon the dock. Although Dixon hired the mules and driver from Smith & Kelly, he had full control of both; they were under his control and direction during the time the work of unloading the coal was in progress, and when the driver was not driving the mules, Dixon had the right to put him at any other work in and about the vessel. And although he did not pay the driver for his work, but paid Smith & Kelly for the hire of the mules and the driver, he neverthless had the right, under the contract with Smith & Kelly, to discharge the driver and appoint a substitute in his place if the driver was careless or incompetent. Smith & Kelly had no right to give any directions to the driver while in the service of Dixon, nor to control him in any manner during that time, but he was to be under the absolute control of Dixon during the progress of the work.

Under this state of facts, we think the court was right in holding that the driver of the mules was not the servant of Smith & Kelly in that particular work, and that the plaintiff could not recover from them. While it is true that the driver of the mules may have been the general servant of Smith & Kelly, yet when they hired him to Dixon for this particular work, and gave Dixon control over him, and the right to discharge him if Dixon found it necessary, the driver became the special servant of Dixon for that occasion, and Smith & Kelly would not be liable for his negligent acts while thus in the employment of Dixon. Wood, in his work

on Master & Servant, §317, says: "The real test by which to determine whether a person is acting as the servant of another is to ascertain whether at the time when the injury was inflicted he was subject to such person's orders and control, and was liable to be discharged by him for disobedience of orders or misconduct." In Whittaker's Smith on Negligence, p. 165, it is said: "Where a master allows his servant to be hired by another, he remains liable to the hirer and to strangers for negligence of such servant; and even where that other himself selects the servants, although the master might not be liable for mere incompetency, yet he would be so for negligence. If the master abandons all control over the servant and all right to discharge him, and these rights are taken by the hirer, of course the servant becomes the servant of the hirer."

In Sherman & Redfield on Negligence, §162, it is said: "If the hirer is vested for the time with the exclusive right to discharge the servants and employ others, he alone is responsible for their defaults."

We have seen from the evidence above quoted that Dixon had the exclusive right to discharge this driver and employ another in his place. He had the right absolutely to control and direct the driver. He had the right to take him from the mules and put him at other work. In other words, he had as ample and complete control over the driver as if he had originally hired him. We think, therefore, that under these authorities and others which will be cited, when Brown was injured by the carelessness of the driver, the driver was not the servant of Smith & Kelly, but the servant of Dixon. Macdonell on Master & Servant, p. 307 *et seq.*; Laugher *v.* Pointer, 5 Barn. & Cress. 547; Murphey *v.* Caralli, 3 Exch. 461; Kimball *v.* Cushman, 103 Mass. 194; Vary *v.* Railroad Co., 42 Iowa, 246.     *Judgment affirmed.*