RIDGEWAY *v.* DOWNING COMPANY.

Where the owner of a vacant city lot, who for years has suffered the public to use a thoroughfare over the same, employs an independent contractor to construct a building thereon, according to certain specifications including excavations for piling for the foundation, and the contractor digs a trench for such purpose across the thoroughfare, the owner is not liable for a personal injury sustained by one who falls into the trench by reason of its unguarded condition.

Submitted November 11, 1899. — Decided January 27, 1900.

Action for damages. Before Judge Atkinson. City court of Brunswick. March 3, 1899.

*Garrard, Meldrim & Newman* and *Johnson & Krauss*, for plaintiff. *William E. Kay*, for defendant.

FISH, J. It appears from the record in this case, that the Downing Company, a corporation, owned a vacant lot near the water front in the city of Brunswick. Pedestrians and vehicles,

in going to and from a certain boat-landing or dock, had for several years passed over this lot, and in this way, made a well-defined roadway or thoroughfare across it. The Downing Company employed Leonard, a contractor, to erect for it a building upon this lot, according to certain specifications, including excavations or trenches for the piling for the foundation of the building. Leonard dug a trench for piling across this thoroughfare, and left it open, unguarded on the side next to the boat-landing, and without danger-signals to warn the public of its existence. The plaintiff, on his way up town, at night, from the boat landing, while walking in this roadway across the lot, fell into the excavation and sustained personal injuries. He sued the Downing Company and Leonard for damages. The Downing Company pleaded that the excavation into which the plaintiff alleged he fell was made by Leonard, who was an independent contractor, and the same was wholly and absolutely in his charge, and the Downing Company, other than owning the real estate upon which the excavation was made, "had no part in the work of making said excavation, nor any legal liability for any acts of said Leonard, nor were they charged with any duty whatever to anybody to put out lights or give notice to the public of the existence of such excavation." Upon the trial of the case the jury found a verdict in favor of the plaintiff against Leonard, and the court directed a verdict in favor of the Downing Company. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

Although the contract between the Downing Company and Leonard provided that "the contractor, under the direction and to the satisfaction of A. V. Wood, superintendent, acting for the purpose of this contract as agent of said owner, shall and will provide all the material and perform all the work mentioned in the specifications, and shown on the drawings prepared by the said architect," yet, in the light of the entire instrument embracing the contract, its true intent and meaning as a whole was that the superintendent was merely to "see that the contractor [carried] out his agreement," and had the power of supervision solely with relation to the result to be

obtained, and not as to the means by which it was to be accomplished, or as to the time and manner of executing the work. It is not contended by the plaintiff that this is not a sound construction of the contract. His main contention, with reference to the liability of the defendant, is that "The Downing Company was the owner of the lot of land in question," and "the law imposed the duty upon the owner to guard the dangerous excavation dug by him, or his contractor or servants, across the way which had been used by the public for years. This duty upon the owner of the lot was an imposed duty; and could not be delegated to an independent contractor." In other words, the plaintiff contends that the Downing Company having contracted for work to be done which, if proper precautions were not taken, was bound to be dangerous to the public, a duty was imposed upon it to see that such precautions were taken, notwithstanding the fact that the work had been committed by it to an independent contractor. The question of the extent to which an employer is relieved from liability for the acts or negligence of an independent contractor employed by him has been much discussed by the courts, and conflicting decisions have been rendered thereon. The general rule, which is well established, is that an employer is not liable for the acts or negligence of a contractor who has complete control of the work and of the persons employed by him to perform it. To this rule there are certain exceptions, and it is with reference to these exceptions that we find the decisions conflicting. Some of the exceptions seem to be recognized by all the courts, while as to others the authorities are not harmonious. Whatever may be the exceptions to the general rule recognized in other jurisdictions, we think it is clear that, under the previous adjudications of this court and the provisions of section 3819 of the Civil Code, the Downing Company, under the circumstances disclosed by the evidence, was not liable for the consequences to the plaintiff of the negligence of Leonard, the independent contractor. In *Harrison* v. *Kiser*, 79 *Ga.* 588, Harrison sued Mrs. Kiser for damages which he alleged he had sustained by reason of the careless and negligent manner in which she had caused an ex-

cavation to be made upon a city lot owned by her which adjoined his brick building, in consequence of which his building was deprived of lateral support and one of its walls undermined, causing the wall to settle, the floor to sink, etc. Upon the trial of the case, it appeared from the testimony that the excavation in question was made by one McGilvray, whom the defendant had employed to erect a building for her upon her lot adjoining that of the plaintiff, that he did the work as an independent contractor, she having no control over the work and not giving any directions as to the manner in which it should be done. There was a verdict for the defendant, and the plaintiff excepted. This court held that, "It not appearing that the contractor was employed to do the work in the manner in which it was done, but it being fairly inferable that it was a work which could have been done in a lawful manner so as to have caused no injury to the plaintiff, it is to be presumed that the contractor was employed to do the work in a lawful, and not in a negligent or unlawful, manner; and, under the plea of the general issue alone, there was no error in charging to the effect that where one has a lawful work to do, and employs another, who has an independent business of his own including work of that class, to do it, and where the employer does not himself exercise any direction as to how it shall be done, he is not responsible for any wrongs that the employee may commit in the course of the work."

In *Atlanta & Florida Railroad Co.* v. *Kimberly*, 87 *Ga.* 161, "Kimberly sued the railroad company for damages, and alleged in his declaration that while the company was constructing its road, it made a deep cut and piled the trash and earth therefrom near his dwelling-house, and dammed up a small stream and ponded the water therefrom near the house; . . by reason of which the air in and around the house became infected with . . malaria and other substances injurious to health, whereby the plaintiff and his wife both became sick and endured great pain and suffering and were unable to attend to their daily duties, etc. The defense of the railroad company was, that it did not do the acts complained of in the declaration; that if they were done at all, they were done by the Chattahoochee

Brick Company, an independent contractor, which it had employed to build the railroad." The jury found a verdict for the plaintiff; a motion for a new trial was overruled, and the case was brought to this court. This court held that, as the facts of the case showed that "the railroad company made a contract with the Chattahoochee Brick Company, whereby the latter agreed to build the former's road from Atlanta to Senoia according to certain specifications, and the railroad company did not retain any control over the contractor as to the method or manner of doing the work," and the contractor was to furnish the labor and all the materials, the railroad company was not liable for the damages sustained by the plaintiff in consequence of the negligent acts of the contractor. This decision was cited and followed in *Fulton County Railroad Co.* v. *McConnell*, 87 *Ga.* 756, where it was held that a street-railway company, which employed an independent contractor to construct its railway along a public street, was not liable for injuries sustained by a person while crossing such street, caused by the negligence of a servant of the contractor who had unnecessarily and improperly laid down loose iron rails in advance of the workmen engaged in constructing the track. In *Atlanta & Florida Railway Co.* v. *Kimberly*, the court stated the general rule of law upon the subject and the exceptions thereto. The general rule was stated as follows: "Where an individual or corporation contracts with another individual or corporation exercising an independent employment, for the latter to do a work not in itself unlawful or attended with danger to others, such work to be done according to the contractor's own methods and not subject to the employer's control or orders except as to results to be obtained, the employer is not liable for the wrongful or negligent acts of the contractor or the contractor's servants." After thus stating the general rule, the court enumerates and defines the exceptions to it. These exceptions are now embodied in section 3819 of the Civil Code, which declares that "The employer is liable for the negligence of the contractor— 1. When the work is wrongful in itself, or, if done in the ordinary manner, would result in a nuisance; 2. Or, if according to previous knowledge and experience, the work to be done is in its nature dangerous

to others, however carefully performed; 3. Or, if the wrongful act is the violation of a duty imposed by express contract upon the employer; 4. Or, if the wrongful act is the violation of a duty imposed by statute; 5. Or, if the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference; 6. Or, if the employer ratifies the unauthorized wrong of the independent contractor." As this section of the code undertakes to declare when the employer shall be liable for the negligence of the contractor, and specifically enumerates the instances in which he shall be, we think it is exhaustive of the subject—that the only instances in which an employer of an independent contractor is liable for the negligence of such contractor are those therein enumerated and defined. Does the case in hand fall within any of these exceptions to the general rule? We think not. The work which the Downing Company employed Leonard to perform was not wrongful in itself, nor would it, if done in the ordinary manner, result in a nuisance. Nor was the work to be done in its nature dangerous to others, however carefully performed. If reasonable and simple precautions had been taken, the presence of the excavation at the place in question would not have been dangerous to the public. It is also evident that this case neither involves any wrongful act which was "the violation of a duty imposed by express contract upon the employer," nor any wrongful act which was "the violation of a duty imposed by statute." The employer did not retain the right to direct or control the time and manner of executing the work; nor did the employer interfere and assume control of the same, "so as to create the relation of master and servant," or so that the injury sustained by the plaintiff could be traceable to such interference, for there was no interference whatever with the work by the Downing Company. No ratification of the unauthorized wrong of the independent contractor is shown. As, under the evidence, a verdict against the Downing Company could not have been lawfully rendered, there was no error in directing a verdict in its favor.     *Judgment affirmed.     All the Justices concurring.*