### 13437. MALIN *v.* CITY COUNCIL OF AUGUSTA.

JENKINS, P. J. 1. Under section 4414 of the Civil Code (1910) an employer is not liable for the negligence of an independent contractor, unless the employment or tortious acts constitute one of the exceptions stated in that section or in section 4415.

2. Where a municipality, by contract with a property owner, obligates itself to "cause to be moved" the owner's dwelling house back to a newly agreed property line, the owner conveying to the city the front part of the lot for the purpose of widening a street, and the city employs an independent contractor to move the house, under an agreement that the latter shall "furnish all labor, tools, and appliances necessary to complete the work to the satisfaction of the building inspector of the city," the municipality ordinarily is not responsible for torts committed by the contractor, in the absence of any proof of liability by virtue of the transaction coming within any of the exceptions provided by section 4415 of the Civil Code. In the instant case the only evidence upon the question as to whose methods and authority the work was executed under was that of the plaintiff's mother, the owner, who testified, "I saw Mr. Skinner (the contractor) around there part of the time giving some orders." The mere fact that the employer may have had an agent who supervised the work for the purpose merely of seeing that it was done in conformity to the contract, without interfering as to the particular method in which it was to be done or the means by which the

given result was to be accomplished, would not in law be such control and direction of the work by the employer as would render him responsible for the manner in which the work was done. *Harrison* v. *Kiser*, 79 *Ga.* 588 (4 S. E. 320). The general rule is that, "where a corporation contracts with an individual exercising an independent employment, for him to do a work not in itself unlawful or attended with danger to others, such work to be done according to the contractor's own methods and not subject to the employer's control or orders except as to results to be obtained, the employer is not liable for the wrongful or negligent acts of such independent contractor or of his servants." *Quinan* v: *Standard Fuel Supply Co.*, 25 *Ga. App.* 47 (102 S. E. 543); *Lampton* v. *Cedartown Co.*, 6 *Ga. App.* 147, 149 (64 S. E. 495). While it appears from the evidence in the instant case that the city, prior to its employment of the contractor, obtained from the property owner a conveyance of a 27-foot strip of ground at the front of the dwelling house, and that the house was to be moved back 25 feet, there is nothing to indicate that the city had any proprietorship or control of the premises at the rear of the house where the injury occurred; and the case is, by this fact and other facts and circumstances, clearly distinguishable from *Huey* v. *City of Atlanta*, 8 *Ga. App.* 597 (70 S. E. 71), relied upon by the plaintiff in error. The trial judge properly granted a nonsuit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 17, 1923.

Action for damages; from Richmond superior court — Henry C. Hammond. January 24, 1922.

*B. B. McCowen,* for plaintiff. *Archibald Blackshear,* for defendant.