33296. SOUTHERN BELL TELEPHONE &c. CO. *v.* DEKLE.
33297. WRIGHT & LOPEZ INC. *et al. v.* DEKLE *et al.*

DECIDED JANUARY 9, 1951. REHEARING DENIED FEBRUARY 9, 1951.

262

*Titus & Altman, E. J. Summerour*, for Southern Bell &c. Co.
*Alexander, Vann & Lilly*, for City of Thomasville.
*Lebbeus Dekle*, in propria persona.

FELTON, J. ■ Construing the petition most strongly against the plaintiff, it alleges that Southern Bell hired Wright & Lopez Inc. as an independent contractor (*McDade* v. *West*, 80 *Ga. App.* 481, 56 S. E. 2d, 299), and this is especially so since the unit hired was a corporation. The petition alleges only that

Southern Bell had employed Wright & Lopez to do the excavation work and does not allege that Southern Bell retained any control or direction over it. Code § 105-502 states: "The employer is liable for the negligence of the contractor — 1. When the work is wrongful in itself, or, if done in the ordinary manner, would result in a nuisance; or, 2. If according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed; or, 3. If the wrongful act is in violation of a duty imposed by express contract upon the employer; or, 4. If the wrongful act is the violation of a duty imposed by statute; or, 5. If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference; or, 6. If the employer ratifies the unauthorized wrong of the independent contractor." In order to hold an employer liable for the negligence of an independent contractor, one or more of the above-stated requirements must be met. *Malin* v. *City Council of Augusta,* 29 *Ga. App.* 393 (115 S. E. 504). The pleadings do not show that any of the above requirements existed. As to 3 above, the permit from the city to Southern Bell giving it authority to do such excavation work did not place any duty upon Southern Bell to do anything other than that the paving cut "shall be replaced by the same type of paving that is now in existence, or equal", and that "The same shall apply to sidewalks and driveways. There will be no trees or shrubbery cut and special caution will be taken by your forces to preserve and replace everything in good condition." The petition does not state a good cause of action against Southern Bell Telephone and Telegraph Company.

■ The defendant Wright & Lopez Inc. contends that its general demurrer should have been sustained because the petition allegedly shows on its face that the plaintiff's injuries were caused by his own defective eyesight and his lack of ordinary care and diligence in protecting himself from his own physical defects. Such contention is without merit. The allegations in the petition concerning the plaintiff's faulty eyesight do not show that as a matter of law the plaintiff was negligent in con-

ducting himself as alleged with knowledge of his defective eyesight and that such was the proximate cause of his injuries. Whether or not the plaintiff was negligent in using the streets and sidewalks of Thomasville unaided, and whether or not the plaintiff was negligent in not discovering the negligence of the defendant and avoiding the consequences thereof, are questions for a jury under the allegations of the petition. *Chapman* v. *Macon,* 55 *Ga.* 566, 568. See also 38 Am. Jur. p. 895, § 210. The petition states a good cause of action against defendant Wright & Lopez Inc.

The plaintiff in error in each case expressly abandons any exceptions to the overruling of special demurrers.

The court erred in overruling the general demurrer of Southern Bell Telephone and Telegraph Company.

The court did not err in overruling the general demurrer of defendant Wright & Lopez Inc.

*Judgment reversed as to Southern Bell Telephone and Telegraph Company* (Case No. 33296).

*Judgment affirmed as to Wright & Lopez Inc.* (Case No. 33297).

*Sutton, C.J., and Worrill, J., concur.*