DEKLE *v.* SOUTHERN BELL TELEPHONE AND
TELEGRAPH COMPANY.

No. 17448. Submitted June 13, 1951—Decided July 9, 1951—Rehearing
denied July 24, 1951.

*Lebbeus Dekle,* in propria persona.
*Titus & Altman,* for Southern Bell Telephone Co.

ANDREWS, Judge. The plaintiff alleges that the construction company was a corporation. Every corporation is formed for the purpose of transacting some particular business or the execution of a plan or purpose according to some fixed method. A corporation possesses such powers, and such powers only, as are expressly or impliedly granted by its charter, or such as are necessary to carry into effect the powers expressly granted.

A corporation may be created and empowered to act as the agent for an individual, partnership, or another corporation. A corporation is usually created for the purpose of carrying on an independent business and not for the purpose of acting as agent, employee, or servant of another. The plaintiff alleges that the telephone company employed the construction company to make in the street the excavation into which the plaintiff is alleged to have fallen. An independent contractor may be employed by an employer to perform a certain work, as well as an agent or servant to do such work. The plaintiff makes no allegation that the construction company acted as the agent or servant of the telephone company in making the excavation or in the commission of the acts and omissions alleged to be the cause of the plaintiff's injuries. Neither does he allege that the telephone company thus acted by and through its agent, employee, or servant.

There is no allegation in the petition that the telephone company retained or exercised any control or direction over the manner or method of doing the work undertaken by the construction company, or any of its agents, employees, or servants. In effect, the plaintiff merely alleges that the telephone company employed the construction company to do the work in question, and that it did the work thus stipulated. The allegations of the petition disclose that all acts and omissions of alleged negligence were the acts and omissions of the construction company, and that the same were acts and omissions of alleged collateral negligence. Under the allegations of the petition the telephone company did not create or maintain the alleged unsafe condition in the street. Construing the petition most strongly against the plaintiff, it shows that the construction company acted as an independent contractor of the telephone company in the performance of the work in question.

Under the common law an employer generally was not liable for the torts committed by an independent contractor. This common-law rule is incorporated in section 105-501 of the Code of 1933, which provides: "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer."

This rule of non-liability of an employer for the torts of an independent contractor is subject to certain exceptions. There has been a recent tendency by court decisions in other jurisdictions to extend these exceptions. In *Ridgeway* v. *Downing Co.*, 109 *Ga.* 593 (34 S. E. 1028), the court says: "The question of the extent to which an employer is relieved from liability for the acts or negligence of an independent contractor employed by him has been much discussed by the courts, and conflicting decisions have been rendered thereon. The general rule, which is well established, is that an employer is not liable for the acts or negligence of a contractor who has complete control of the work and of the persons employed by him to perform it. To this rule there are certain exceptions, and it is with reference to these exceptions that we find the decisions conflicting. Some of the exceptions seem to be recognized by all the courts, while as to others the authorities are not harmonious." Whatever may be the exceptions to the general rule recognized in other jurisdictions, the same have been determined in this State by legislative enactment and are now embodied in Code § 105-502, as follows: "The employer is liable for the negligence of the contractor—1. When the work is wrongful in itself, or, if done in the ordinary manner, would result in a nuisance; or, 2. If, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed; or, 3. If the wrongful act is the violation of a duty imposed by express contract upon the employer; or, 4. If the wrongful act is the violation of a duty imposed by statute; or, 5. If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference; or, 6. If the

employer ratifies the unauthorized wrong of the independent contractor."

In *Ridgeway* v. *Downing Co.*, supra, the court further declares: "As this section of the Code undertakes to declare when the employer shall be liable for the negligence of the contractor, and specifically enumerates the instances in which . he shall be, we think it is exhaustive of the subject—that the only instances in which an employer of an independent contractor is liable for the negligence of such contractor are those therein enumerated and defined."

Does the case now before the court come within the first exception? The telephone company had a right to construct, maintain, and operate telephone lines along, over, and under public highways of this State, with the approval of the municipal authority over such highway, subject to certain provisions. Code, § 104-205. The telephone company had a right to use the street in a manner entirely distinct from that of the public. Each of these rights is subject to those restrictions necessary to the exercise of the other. Press *v.* Penny, 242 Mo. 98 (145 S. W. 458, 18 A. L. R. 794). The temporary obstruction of the street by the telephone company was not a violation of any right of the public to use the same for travel. It follows that the work of the independent contractor was not wrongful in itself.

An excavation was made by the construction company for the purpose of laying telephone conduits underground. Would this work have resulted in a nuisance if done in the ordinary manner? The petition describes the excavation involved as being "approximately eight feet long, two to three feet wide, and three to four feet deep. An excavation of this type, if made and guarded in a careful and prudent manner, would not have resulted in a nuisance. The test is, would a nuisance result if the work be done in the ordinary manner? The test is not, would a nuisance result if the work be done in a careless and negligent manner? A few courts of other jurisdictions have applied the latter test. The non-liability of the employer would be abrogated if the law were to place an absolute duty on the employer to guard against injuries which might result from

the negligence of the independent contractor in the performance of the stipulated work. Press *v.* Penny, supra.

That an employer is not bound to supervise the progress of contract work for the purpose of preventing the commission of a collateral tort by the independent contractor, is well settled. The employer has the right to presume that the independent contractor will do the work in a prudent and proper manner. *Atlanta & Florida R. Co.* v. *Kimberly,* 87 *Ga.* 161 (13 S. E. 277).

Does the case under consideration come within the second exception? It cannot be said that, according to previous knowledge and experience, the work undertaken by the construction company in making an excavation of the type described in the petition was in its nature dangerous to others had the work been carefully performed. In *Ridgway* v. *Downing Co.,* supra, the defendant, an independent contractor, had dug a trench across a roadway and left it open, unguarded, and without danger signals to warn the public of its existence. The plaintiff fell into the excavation at night. The court said, at page 596: "Nor was the work to be done in its nature dangerous to others, however carefully performed. If reasonable and simple precautions had been taken, the presence of the excavation at the place in question would not have been dangerous to the public." Past knowledge and experience is the gauge by which to measure the dangerous nature of the work to be done. It is a matter of common knowledge that thousands upon thousands of people have used public streets at a time when there were located therein excavations of the type involved in this case without injury to themselves, when proper caution and care had been used in making the excavations and proper guardrails had been erected and danger signals had been given. Therefore the present case does not come within the second exception.

Nor does the case come within the third exception. If the permit issued by the city to the telephone company be construed as an express or implied contract, the only duty required of the telephone company under the permit was to restore the street to its former condition after the completion of the work authorized by the city. There was no duty im-

posed by contract resting upon the telephone company to do the work which was left to the construction company.

This case is not embraced in the fourth exception. There is no statute in this State which required the telephone company to lay its conduits under the surface of any public street, or which prescribed the method and manner of so doing when it undertakes to do so (with certain exceptions which are not relevant to a determination of this case). There is no statutory duty on the telephone company to keep the streets of a municipality in a reasonably safe condition when the same is being used by it as authorized by law.

There is no allegation in the petition that the telephone company retained the right to direct or control the time and manner of laying its conduits underground, or that it interfered with or assumed control over said work. It is not contended that it ratified the conduct of the construction company in the commission of the omissions and acts alleged to be negligent. Therefore exceptions five and six are not applicable to the case at bar.

The case of *Wilson & Bro.* v. *White,* 71 *Ga.* 506 (51 Am. R. 269), cited by the plaintiff in error, is distinguishable from the one now under consideration. In that case the plaintiff sued for damages for personal injuries sustained by falling at night over an unlighted obstruction, consisting of brick which were owned by and had been placed in the street by the defendant. There was in force at the time a municipal ordinance which required all persons owning or placing materials in any street to keep the same lighted at night. The defendant contracted with another to keep the obstruction lighted as required by the ordinance, which he failed to do. The court held the defendant liable because the failure to keep the obstruction lighted was a violation of a legal duty which was imposed upon the defendant by a valid municipal ordinance. The wrongful conduct complained of in this case does not violate any duty imposed by statute upon the telephone company.

Some courts in other jurisdictions have held that one who obtains a license from a city to place an obstruction in its streets is under the duty to protect the public from the negligent manner of doing the work, and that the licensee cannot delegate this

duty to another, and thereby escape liability, by having the licensed work done by an independent contractor.

This is not the law in this State. The legislature has not seen fit to adopt this exception to the general rule of non-liability of the employer. This rule of law was urged before this court in *Fulton County St. R. Co.* v. *McConnell*, 87 *Ga.* 756 (13 S. E. 828). The defendant in that case had obtained a charter authorizing it to build a street railroad through certain streets in the City of Atlanta. It contracted with another, as an independent contractor, to construct this railroad. The independent contractor obstructed the street by negligently placing rails in the same, thereby resulting in injuries to the plaintiff. The court held that the defendant or employer was not liable, and said, at page 760: "It was argued, however, by counsel for the defendant in error that this rule does not apply where the work is to be performed in a public thoroughfare; that the license to obstruct the street was given specially to the railroad company and could not be delegated to the contractor; that where railroads are built in a public thoroughfare the rights of the public to the use of the thoroughfare are involved, and the rule should be stricter than where the rights of individuals merely are affected. . . The rule announced in the Code,—which is simply declaratory of the common law,— is a broad one, and applies to all independent contractors, regardless of whether the work is to be performed in a thoroughfare, where public rights are involved, or in a place where private rights only are affected. The courts would have no right to apply it in the one class of cases and refuse to apply it in the other. The legislature alone can do this if in its wisdom it sees proper."

There is no peculiarity in contracts for the performance by independent contractors of work upon a highway which distinguishes them from ordinary contracts, and the general rule of the immunity of the employer in such cases applies with equal force as to other work. 14 R. C. L. 101, § 37; 27 Am. Jur. 528, § 50. The court should always follow and never precede the legislative department of government in the evolution of the law. It follows that the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed. Duckworth, C. J., Wyatt, Head, Candler, Hawkins,* and *Almand, JJ., concur. Atkinson, P. J., disqualified.*