36136.   PEABODY MANUFACTURING CO. *v.* SMITH *et al.*
36137.   MULLINS *v.* PEABODY MANUFACTURING
CO. *et al.*

DECIDED JUNE 25, 1956—REHEARING DENIED JULY 17, 1956.

242

*Carter, Latimer & Savell,* for Peabody Manufacturing Company.

*Hurt, Gaines & Baird, W. Neal Baird, J. Corbett Peek, Jr.,* for Smith.

*Nall, Sterne, Miller, Cadenhead & Dennis, John J. Poole, A. Paul Cadenhead,* for Mullins.

NICHOLS, J. 1. The Supreme Court in *Brown* v. *Smith & Kelly,* 86 *Ga.* 274, 277 (12 S. E. 411, 22 Am. St. R. 456), recognized the rule that only the master of a servant could be held liable for his negligence. The exceptions to this rule are set forth in Code § 105-502 where it is provided that in certain cases the employer of a contractor may be held liable for the negligence of the contractor, or his employees. In the present case the employer, or landowner, is attempting to hold both the *contractor* and the *subcontractor* liable for the negligence of an employee of one of them. The contract between the landowner and the contractor provided for subcontracts in certain cases. It then set forth the procedure for securing subcontractors. The contractor was to secure bids from subcontractors approved by the architect and deliver such bids to him, or the architect could procure such bids himself, and in either case the architect, with the advice of the contractor, would determine the best bid subject to the approval of the owner as to award and amount of the accepted bid. Therefore, the contractor had no initial or final control over the selection of subcontractors. Actually both the contractor and the subcontractor occupied the relationship of contractors to the landowner. Accordingly, only the employer of the welder could be held liable for negligence even though the contract between the landowner and the con-

tractor stated that the contractor would have full directing authority over the execution of the contract.

Although the petition charges the defendants with negligence, the negligence complained of is the negligence of the employee and his employer, therefore the question for decision is which of the defendants was the master of the welder. Under the decision of the Supreme Court in *Brown* v. *Smith & Kelly*, 86 *Ga.* 274, (which is apparently the leading case in Georgia on this question), the test is which employer had the right to control the employee and to discharge him and employ others to do his · work. Although an exhibit attached to the plaintiff's petition, (the contract between the plaintiff and the contractor), states that the contractor had full directing authority over the execution of the subcontracts, this same exhibit, as shown above, reserved in the plaintiff the sole authority to approve the selection of subcontractors, and the contractor could not even receive a bid from a subcontractor unless such subcontractor had previously been approved by the architect. Under such circumstances it cannot be said that the contractor had authority to remove the welder and employ another in his place, and the welder must be construed as having been an employee of the *subcontractor*. It follows therefore that the architect being the agent of the owner and not the contractor, the subcontractor was not directly employed by the contractor. Accordingly, Article VIII of the contract providing that "any costs due to the negligence of the contractor or anyone directly employed by him, either for the making good of defective work . . . making good of damage to property . . . shall be borne by the contractor" fails to render the contractor liable for the negligence of the employee of the subcontractor.

The trial court did not err in sustaining the motion to dismiss made by the contractor, and in overruling the general demurrer filed by the subcontractor. See also, *Atlanta & Florida R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231); *Georgia Ry. & Power Co.* v. *Middlebrooks*, 34 *Ga. App.* 156 (128 S. E. 777); *Bibb Manufacturing Co.* v. *Souther*, 52 *Ga. App.* 722 (184 S. E. 421); and *Southern Bell Telephone &c.* v. *Dekle*, 83 *Ga. App.* 261 (63 S. E. 2d 275), affirmed by the Supreme Court, 208 *Ga.* 254 (66 S. E. 2d 218).

2.  The allegation of negligence specially demurred to by the defendant Mullins is supported by pleaded facts and can not be construed as being a conclusion of the pleader. Therefore the trial court did not err in overruling this ground of special demurrer.

*Judgments affirmed in both cases. Felton, C. J., Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur in Case No. 36137. Gardner, P. J., Townsend and Quillian, JJ., concur, and Felton, C. J., and Carlisle, J., dissent in case No. 36136.*

FELTON, C. J., dissenting in Case No. 36136. The contract between the plaintiff and E. Jack Smith, the principal contractor, provides:

"Article 3. Contractor's duties and status. The contractor recognizes the relations of trust and confidence established between him and the owner by this agreement. He covenants with the owner to furnish his best skill and judgment and to cooperate with the architect in forwarding the interests of the owner. He agrees to furnish efficient business administration and superintendence and to use every effort to keep upon the work at all times an adequate supply of workmen and materials, and to secure its execution in the best and soundest way and in the most expeditious and economical manner consistent with the interests of the owner.

"Article 8. Contractor's financial responsibility. All cost due to the negligence of the contractor or any directly employed by him, either for the making good of defective work, disposal of material wrongly supplied, making good of damage to property, or excess costs for material or labor, or otherwise, shall be borne by the contractor, and the owner may withhold money due the contractor to cover any such cost already paid by him as part of the cost of the work.

"The article supersedes the provisions of Articles 13, 19 and 20 of the general conditions of the contract so far as they are inconsistent herewith.

"Article 9. Subcontracts. All portions of the work that the contractor's organization has not been accustomed to perform or that the owner may direct, shall be executed under subcontracts unless otherwise directed by the owner. The contractor shall ask for bids from subcontractors approved by the architect

and shall deliver such bids to him, or the architect shall procure such bids himself, and in either case the architect shall determine, with the advice of the contractor and subject to the approval of the owner, the award and amount of the accepted bid. Such work shall be contracted for with such approved bidders in accordance with terms of this agreement and the general conditions of the contract which conditions shall for the purposes of such contracts, stand as printed or written and not subject to the modifications set forth herein.

"The contractor, being fully responsible for the general management of the building operation, shall have full directing authority over the execution of the subcontracts.

"If the owner lets any portions of the work under separate contracts the separate contractors shall not only cooperate with each other and with the contractor as provided in Article 35 of the general conditions of the contract, but they shall conform to all directions of the contractor in regard to the progress of the work."

Code § 105-502 provides in part: "The employer is liable for the negligence of the contractor— . . . 3. If the wrongful act is the violation of a duty imposed by express contract upon the employer. . ."

Article 9 provides that certain parts of the work could be executed under subcontracts in a specified way. There could be no *subcontract* made by the owner so it is inescapable that all subcontractors contracted with the contractor and not the owner, regardless of how the subcontractor was selected. If the contractor contracted with the subcontractor the subcontractor was directly employed by the contractor. The petition specifically alleges that S. D. Mullins was employed by the contractor as a subcontractor to do certain work, including welding operations. There is nothing in the contract between the plaintiff and the contractor to make such an allegation impossible of proof, or contrary to the provisions of the contract between the owner and the contractor. If the owner selected a subcontractor and the contractor alone entered into a contract with him, I do not see how it can be said that the relationship of owner and subcontractor or contractor existed between the owner and the subcontractor.

Carlisle, J., concurs in the dissent.