19606. ROBBINS HOME IMPROVEMENT COMPANY,
INC. *v.* GUTHRIE, formerly GLOW.

Argued February 12, 1957—Decided March 11, 1957—
Rehearing denied March 25, 1957.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr.,* for plaintiff in error.

*Julian E. Gortatowsky, Willingham, Gortatowsky & Morrison, Geo. D. Stewart, J. E. B. Stewart,* contra.

DUCKWORTH, Chief Justice. The decisions of both the Court of Appeals and the Supreme Court clearly hold that an employer is not liable for acts of his independent contractor unless the facts and circumstances bring the case under the exceptions to such rule, plainly and unmistakably stated in Code §§ 105-501, 105-502. *Malin* v. *City Council of Augusta,* 29 *Ga. App.* 393

(115 S. E. 504); *Ridgeway* v. *Downing Co.,* 109 *Ga.* 591 (34 S. E. 1028); *Dekle* v. *Southern Bell Tel. &c. Co.,* 208 *Ga.* 254 (66 S. E. 2d 218). A search for the law on this point should not overlook the language found in *Ridgeway* v. *Downing Co.,* supra, at page 596 as follows: "The only instances in which an employer of an independent contractor is liable for the negligence of such con- tractor are those therein [Code §§ 105-501, 105-502] enumerated and defined." This quoted language of the Supreme Court could be wrong, but could the Court of Appeals, under Code (Ann.) § 2-3708 of the Constitution, or even the Supreme Court, refuse to follow it? Obviously not. The petitioner clearly intended and attempted to bring his case within the provisions of Code §§ 105-501, 105-502, and the Court of Appeals ruled that they did not apply. Why would not a Code section expressly and unmistakably referring to a factual case such as this apply? The petitioner unquestionably intended and attempted to bring this case under Code § 105-502 (2), which makes the employer liable for acts of his independent contractor if, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed.

Paragraph (17) of the petition alleges knowledge of the employer that applying the volatile and inflammable material to a floor in a residence (not when carefully done as the statute says), but "near an open fire" is inherently dangerous. Thus is plainly exposed the fatal weakness of the petitioner's case. The statute holds the employer liable only when the work to be done is inherently dangerous "however carefully done." The allegations charge danger not "inherent," but only when done, as here, carelessly in close proximity to an open fire. The utter failure of the petition as amended to allege a cause of action is too obvious to permit of doubt.

After ruling that the above Code sections did not apply, the Court of Appeals proceeded from that point to state its arguments for upholding the petition. Its judgment is squarely grounded upon its assertion that the contract with the owner did not authorize the subcontract, and therefore the prime contractor is liable for all negligence of the subcontractor. We might take the time to discuss the novel legal proposition thus announced,

but the indisputable facts refute that proposition at the very threshold. There nowhere appears an allegation or even an intimation that the subcontract was unauthorized, but even if such a fact did appear, the alleged facts impliedly show ratification by the owner of the subcontract, and this is the legal equivalent of its original authorization. We are not concerned about the court's discussion of the wisdom of a rule of law that would require an express authorization of a subcontract to relieve the prime contractor of liability for the negligence of the subcontractor further than to observe that wisdom of laws is no legitimate concern of the judiciary, and courts can not under the Constitution invade the exclusive constitutional jurisdiction of the legislature for the purpose of promulgating a law that the court thinks is wise.

The petition utterly failing in count 3 to allege facts sufficient to authorize recovery, the Court of Appeals erred in overruling the judgment of the trial court sustaining a demurrer to count 3 and in striking the same.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*