Clifford D. SMITH, Plaintiff-Appellant,

v.

PIPER AIRCRAFT CORPORATION,
Defendant-Appellee.

No. 28153.

United States Court of Appeals,
Fifth Circuit.

April 24, 1970.

Patrick F. Henry, Atlanta, Ga., William H. Cooper, Jr., Hapeville, Ga., for appellant.

Ronald L. Reid, R. Neal Batson, Atlanta, Ga., for appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is a question of jurisdiction over a non-resident corporation arising under Georgia's Long-Arm statute. Appellant Smith (hereinafter plaintiff) brought an action against appellee Piper Aircraft Corporation (hereinafter defendant) in the Superior Court of DeKalb County, Georgia, alleging that the defendant had wrongfully appropriated plaintiff's idea for an automatically retractable landing gear. The defendant, after removal to the District Court, Northern District of Georgia, moved to dismiss for lack of in personam jurisdiction on the grounds that service of process under Georgia Code Section 24–113.1 as amended in 1968, Ga.Code Ann. 24–117 (hereinafter Long-Arm statute) was insufficient.[1] The District Court grant-

---

1. That statute provides in pertinent part:

24–113.1 *Personal jurisdiction over nonresidents of State.*—A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to cause of action [sic] arising from any of the acts, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

(a) Transacts any business within this State; or

(b) Commits a tortious act within this State * * *.

In 1968 an amendment was passed and added as 24–117, which reads:

24–117. *Same; "nonresident" defined.*—As used in this law [§§ 24–113.1 through 24–118] "nonresident" includes an individual, or partnership, association or other legal or commercial entity (other than a corporation) not residing, domiciled, organized or existing in the State at the time a claim or cause of action under 24–113.1 arises, or a corporation which is not organized or existing under the laws of this State and is not authorized to do or transact business in this State at the time a claim or cause of of action under section 24–113.1 arises.

ed defendant's motion and the case was dismissed, and from this dismissal the plaintiff makes this appeal.

The defendant is an aircraft manufacturer with its home office in Pennsylvania, and a plant in both Pennsylvania and Vero Beach, Florida. It has no offices or representatives in Georgia; it sells its aircraft in Florida or Pennsylvania to independent distributors who subsequently bring them into Georgia to sell; its relationship with these distributors is strictly that of independent contractor as set out in their contracts and their actions; and it occasionally sends home office representatives into Georgia in an advisory capacity to update the distributors on defendant's latest aircraft developments.

On March 4, 1963, the plaintiff, a citizen of Georgia, sent to defendant's home office an unsolicited letter in which plaintiff disclosed an idea he had conceived for installing automatically retractable landing gear on defendant's aircraft. The idea was rejected by defendant in a letter dated March 8, 1963. Shortly thereafter, around July of that year, some of defendant's aircraft appeared on the market with a retractable landing gear, thus causing plaintiff to file this suit. The merits of plaintiff's cause of action are not in issue here.

The only question before this Court is whether the defendant is subject to the in personam jurisdiction of the District Court under Georgia's Long-Arm statute.

Defendant contends, first of all, that it is not subject to in personam jurisdiction under either (a) or (b) subsections of the Georgia Long-Arm statute because the business transacted and the alleged tortious act occurred before the effective date of the statute and its 1968 amendment, and that the statute cannot be applied retroactively. This contention is based on the recent Georgia Supreme Court decision of Bauer International Corporation v. Cagle's, Inc., 225 Ga.App. 684, 171 S.E.2d 314 (1969), which directly supports this con-

tention, and its conflict with Wilen Manufacturing Co., Inc. v. Standard Products Co., 5 Cir., 1969, 409 F.2d 56. However, since the defendant neither transacted business nor committed tortious acts *within the State of Georgia* (see discussion below), we are not required to determine this conflict.

■■ Defendant's second contention is that it is not subject to in personam jurisdiction under subsection (a) (the transacting business section) because it has never transacted business within this state out of which liability would arise. The facts prove that defendant is correct on this point. The only business contact which defendant had with Georgia was the exchange of letters between plaintiff and defendant. The plaintiff's sending of a single, unsolicited letter and the defendant's sending of a single letter of rejection does not amount to "transacted business" under Georgia's Long-Arm statute nor "minimum contacts" under International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Furthermore, the subsequent sales of defendant's aircraft in Georgia are carried on by independent distributors, not by agents of defendant, so that these sales do not constitute sales *by the defendant* "in person or through an agent". Even if they did, Georgia's Long-Arm statute requires that the defendant's liability *arise* out of the business transacted. Defendant's liability here, if any, did not arise from the sale of his aircraft in Georgia by independent distributors, but instead from the incorporation of plaintiff's ideas at the time and place of manufacture of the defendant's aircraft —in its out-of-state plants.

■ Finally, the defendant contends that it is not subject to in personam jurisdiction under subsection (b) (the tortious act section) because it has never committed a tortious act in Georgia. While this contention involves a close question, we find that defendant is also correct on this point. In order for subsection (b) of Georgia's Long-Arm stat-

ute to apply, we would have to find that defendant's alleged misappropriation of plaintiff's idea is a tort and that it is a continuing tort and that it continued into Georgia. The authority is scant on the question of whether the misappropriation of an idea is a continuing tort, but there are analogous situations in which the courts have found a continuing tort to keep alive an action which would otherwise be barred by the statute of limitations. Cooper v. Westchester County, 42 F.Supp. 1 (S.D.N.Y., 1941) (patent infringement); Cain v. Universal Pictures Co., 47 F.Supp. 1013 (S.D. Cal., 1942) (copyright infringement). See especially Underwater Storage, Inc. v. United States Rubber Co., D.C., 1966, 125 U.S.App.D.C. 297, 371 F.2d 950 in which the court held that the misappropriation of a trade secret was a new tort each time the secret is used by the wrongful appropriator. This, too, was a statute of limitations problem in which the plaintiff's cause of action would otherwise have been lost.

However, even if the alleged misappropriation of plaintiff's idea is a continuing tort (and we need not decide that here), the alleged tort was committed in Florida or Pennsylvania and is continuously committed in Florida or Pennsylvania each time defendant wrongfully employs plaintiff's idea in installing retractable landing gear on its aircraft. But each of these alleged continuing torts is committed *outside the State of Georgia*. At no time did defendant manufacture any of his aircraft in Georgia, and he does not do so now. Nor does defendant sell the completed aircraft in Georgia. All aircraft are sold to independent distributors F.O.B. factory in Florida or Pennsylvania. It is only when these distributors bring the aircraft into Georgia and sell them to Georgia customers that the defend-

ant's product comes into Georgia. Since the distributors are independent contractors and are not acting on behalf of defendant, none of their sales can be considered acts of the defendant. See Ridgeway v. Downing Company, 109 Ga. 591, 34 S.E. 1028 (1899); Brown v. Commerce Trust Co., 9 F.R.D. 317 (W.D.Mo., 1949).

This case cannot be treated as a products liability case as plaintiff suggests. In products liability defendant would have to answer for any liability generated from a defective product which leaves his hands in an inherently dangerous condition and is shipped into and causes injury in Georgia. MacPherson v. Buick Motor Company, 217 N.Y. 382, 111 N.E. 1050; see Handler v. Remington Arms Co., 144 Conn. 316, 130 A.2d 793 (1957). In such a situation, the negligence of defendant continues across the state line and ends where the injury occurs. Here, the tort consisted of placing the landing gear on the aircraft in their manufacturing plant in Florida or Pennsylvania. While this alleged tort has continued since 1963, it has not been continued across the state lines into Georgia. Even though plaintiff lives in Georgia, his injury occurred in Florida or Pennsylvania where his property (the idea) is allegedly being misappropriated. Thus, the last event necessary to create liability took place in either Florida or Pennsylvania.

Nor is this a case involving a statute of limitations which would prevent plaintiff from recovering altogether.

We thus conclude that defendant is not subject to in personam jurisdiction under any section of the Georgia Long-Arm statute, and the District Court's order to dismiss for lack of jurisdiction is affirmed.

Affirmed.