74099. CARUSO v. AETNA CASUALTY & SURETY COMPANY et al.
(354 SE2d 18)

DEEN, Presiding Judge.

After a hailstorm damaged the roof of his house, the appellant, Vincent Caruso, filed a claim under his homeowner's insurance policy issued by The Aetna Casualty and Surety Company (Aetna). Repairs were made, apparently negligently, by Home Insurance Repair Service, Inc. (Home), which resulted in further damage caused by rain leakage to the interior of the house. Caruso commenced this action against Aetna and Home, asserting both tort and breach of contract theories of recovery. Home eventually was dismissed from the action after filing a bankruptcy petition, and the trial court granted summary judgment for Aetna.

Evidence submitted by Aetna in support of its motion for summary judgment showed that while the claims adjuster referred Caruso to Home, at Caruso's insistence, the adjuster advised Caruso that it

was not Aetna's policy to recommend contractors and that he should check with other roofers. The adjuster also indicated that she neither suggested that he should hire Home to do the repair work, nor as Aetna's agent contracted with Home for the job. By deposition, the president of Home testified that there was no contract between Home and Aetna, and that Aetna had no right of control over the time, method, or manner in which Home performed the repair work. In opposition to Aetna's motion for summary judgment, Caruso submitted his own affidavit in which he stated that the adjuster did recommend Home as a contractor, and that when the president of Home contacted him and indicated that Aetna had authorized him to repair the roof, he understood that Aetna had hired Home for the job. *Held*:

As noted by the trial court, construing the evidence most favorably to Caruso at most showed an independent contractor relationship between Home and Aetna. Under the circumstances of this case, Aetna would be liable for Home's negligence only if Aetna had retained the right to control the time and manner of performance of the repair work, or had in fact asserted such control. OCGA § 51-2-5, generally; *Dekle v. Southern Bell Tel. &c. Co.*, 208 Ga. 254 (66 SE2d 218) (1951). As Caruso presented no evidence to refute Aetna's evidence that such did not occur in this case, summary judgment for Aetna was proper on the issue of tort liability.

Concerning the breach of contract theory of recovery, the trial court correctly found that the evidence showed that Aetna had complied with the terms of the insurance policy. Caruso's assertion that the crucial issue was whether or not Aetna had breached its contractual duty to adjust the loss, by virtue of its being liable for Home's negligence, confuses the two theories of recovery, and, in any event, is eviscerated by the fact that Aetna is not liable for the negligence of the independent contractor in this case.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1987.

*Arthur H. Marateck, Frank G. Smith*, for appellant.
*Marvin S. Arrington, John W. Broom, Alfred J. Turk III, Ronald J. Freeman*, for appellees.