A91A1299. TURNER v. REGAL INSURANCE COMPANY.
(411 SE2d 802)

BEASLEY, Judge.

Turner filed a claim against his automobile insurer for failure to have the fire-damaged car properly repaired. The trial court granted the insurer's motion for summary judgment. The question is whether, as a matter of law, the undisputed facts show that defendant insurer complied with its obligations under the policy by paying a portion of the repair bill.

Turner owned a 1978 Mercury Cougar which was insured by Georgia American Insurance Company, now Regal Insurance Company. The car was damaged by fire. Turner instructed the towing company to take the car to Montezuma Motor Company, the nearest Ford dealer.

He disputed that he authorized repairs and testified that after the car was towed, he asked the insurance agent "about fixing my car on what they were going to do and he told me the Ford place was fixing it." He testified that the repairs were made at the behest of the insurance company. On the other hand, the president and shop manager of Montezuma stated in affidavits that they had repaired the car at Turner's request, that he had instructed them to do only a "patch" job so that he could "pocket" remaining insurance proceeds, but that they had made the repairs necessary for the safe operation of the vehicle.

The total cost of repairs billed by Montezuma was $1,107.82. After subtracting the insurance policy deductible of $250 as well as depreciation and/or repairs not attributable to the fire, the insurer issued a draft in the amount of $731.02 payable to Turner and Citizens Bank (a lienholder).

Turner testified in his deposition that when he went to Montezuma to pick up the car, the repairs which had been made were incomplete and faulty, and he refused to negotiate the draft or accept delivery of the car. He testified that when he returned a second time, needed repairs still had not been made. Turner neither paid the balance of the repair bill nor made further demand upon the insurer. Eventually, the insurer issued a draft in the amount of $723.01, payable to Montezuma and Citizens Bank, and excluding Turner as a

payee. Montezuma retained possession of the car and eventually sold it to pay for repair costs and storage charges.

Its response to the action was that it satisfied its contractual obligation for repairs by issuing the draft to Montezuma for that amount of the repair bill for which it was liable.

The insurance policy provides that the insurer's liability for loss shall not exceed the actual cash value of the automobile, what it would cost to repair or replace the automobile with a deduction for depreciation, or the applicable limit of liability under the policy. The policy also states that the insurer "may pay for the loss in money or may repair or replace the automobile."

On the evidence, a jury would be authorized to find that the insurer breached its contractual obligations by undertaking to repair the fire damage to the automobile and then not effectuating the necessary and complete repairs. See *Carter v. Allstate Ins. Co.*, 197 Ga. App. 738, 741 (2) (399 SE2d 500) (1990).

A jury might instead find in favor of the insurer if it found that the policyholder selected the dealership to repair the damage to the car and that the insurer did not exercise control over the performance, so that after paying for the repairs, the insurer was not contractually liable for negligence by the dealership in making the repairs. See *Caruso v. Aetna Cas. &c. Co.*, 181 Ga. App. 829, 830 (354 SE2d 18) (1987).

"The burden is upon the movant [for summary judgment] to affirmatively show that there is no genuine issue and that he is entitled to a summary judgment. The party opposing the motion for a summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence. [Cits.]" *Peachtree Bottle Shop v. Bessemer Securities Corp.*, 134 Ga. App. 729, 730-731 (215 SE2d 692) (1975). However, "a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

Since there were at least the above-noted genuine issues of material fact, and defendant did not bear its summary judgment burden, the grant of summary judgment to insurer was unauthorized.

*Judgment reversed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 1, 1991.

*G. Leonard Liggin,* for appellant.
*Daniel Bullard IV,* for appellee.