A96A1464. BROOKS et al. v. H & H CREEK, INC. et al.

(478 SE2d 451)

POPE, Presiding Judge.

Plaintiffs Susan Brooks and her husband sued Sherwin-Williams, Inc. and defendants H & H Creek, Inc. and Randy Clark in Baldwin County as joint tortfeasors for malicious prosecution. They also asserted several contract claims against defendants arising out of defendants' construction of their home. Defendants counter-claimed with a lien foreclosure based on plaintiffs' failure to pay the balance due on their home. After plaintiffs dismissed Sherwin-Williams from the lawsuit and dismissed their contract claims against defendants, defendants successfully moved to change venue to their county of residence, Laurens County. There, defendants obtained summary judgment regarding plaintiffs' malicious prosecution claim. Plaintiffs contend that the trial court erred in dismissing that claim and that the change of venue was improper. Concluding that the change in venue was proper, but that summary judgment was not, we affirm in part and reverse in part.

In determining whether the trial court erred in granting defendants' summary judgment motion, we construe the evidence most favorably to plaintiffs as the opponents of the motion. See *Turner v. Regal Ins. Co.*, 201 Ga. App. 720, 721 (411 SE2d 802) (1991). So construed, the evidence shows that in 1992, plaintiffs entered into a contract with H & H, whose president is Randy Clark, to build a house on Lake Sinclair. The initial cost-estimate for the house was approximately $160,000. Due to cost overruns, this estimate was revised to $180,000.

On June 2, 1993, shortly after learning about the revised estimate, Susan Brooks went to a Sherwin-Williams store in Milledgeville, Georgia to purchase wallpaper. She requested that the wallpaper be charged to H & H. After verifying that H & H had an account at the store in Laurens County, the manager of the Milledgeville store processed the sale. Although Brooks did not obtain express permission from H & H to make the charge, the record shows that it was customary for homeowners to make such charges. It also is undisputed that an allowance for wallpaper was included in the origi-

nal estimate of construction costs. Additionally, the cost for the wallpaper was included in a detailed report that H & H prepared on July 15, 1993 and submitted to plaintiffs to demonstrate all the charges incurred in building the house, which eventually cost $198,000.

During July and August 1993, Sherwin-Williams sent invoices and bills to H & H for the wallpaper. Sherwin-Williams' Dublin store manager, Jimmy Townsend, handled the collection efforts, and was informed by H & H that one of H & H's customers had made the purchase but was refusing to pay H & H. Sherwin-Williams' practice was to pursue collection from its account holders, not the account holder's customers, unless the account holder indicated that the charges were not authorized. Sherwin-Williams asked Clark to sign an affidavit to that effect as H & H's representative. Clark agreed.

In his affidavit, Clark stated that H & H's account had been used to purchase the wallpaper without its consent, knowledge or approval. He also claimed that the wallpaper referred to in the invoices was not received by, used by, or in the possession of H & H. He further affirmed that the wallpaper purchase was not authorized and that H & H was not knowledgeable as to who had received or charged the wallpaper to its account. Additionally, he stated that he understood that the affidavit was part of a report of a criminal offense and that he might be required to testify in court.

Based on the information in the affidavit, one of Sherwin-Williams' employees obtained a warrant against Brooks for theft by taking. Brooks was arrested in November 1993. The charges against her, however, were dismissed following a commitment hearing which took place in December 1993.

1. "A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." OCGA § 51-7-40. In such cases an aggrieved party has a heavy burden, but "may prevail if each of the following elements is pled and proved: (1) prosecution for a criminal offense instigated by defendant; (2) issuance of a valid warrant, accusation, or summons; (3) termination of the prosecution in favor of plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff." (Citation omitted.) *Willis v. Brassell*, 220 Ga. App. 348, 350 (469 SE2d 733) (1996).

(a) The trial court concluded that plaintiff could not meet the first element because the decision to take out the warrant was made by employees of Sherwin-Williams. We disagree. "The law draws a fine line of demarcation between cases where a party directly or indirectly urges [the initiation of] criminal proceedings and cases where a party merely relays facts to [one] who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for malicious prosecution; in the latter case there is not. It is

clear, though, that initiation of the criminal action need not be expressly directed by the party to be held liable." (Citation and punctuation omitted.) Id. at 350-351 (1) (a). A person may be held liable for unduly influencing the decision to prosecute by providing information that is known to be false, misleading or materially incomplete. Id. at 351 (1) (a).

Here, the decision to prosecute Brooks was based on the information Clark provided to Sherwin-Williams on H & H's behalf. And, there is evidence from which a jury could conclude that that information was known to be false, or was at least materially incomplete and misleading. As set forth above, H & H's customary practice was to allow its customers to make charges on its accounts as Brooks had done. Thus, there is evidence of implicit authorization for the charges even though Clark stated otherwise to Sherwin-Williams. Contrary to the information supplied by Clark, he and H & H also clearly knew that plaintiff had made the charges in question. This is demonstrated by the July 15, 1993 cost report prepared and submitted to plaintiffs and the fact that Sherwin-Williams previously informed Clark and H & H that Brooks had made the charges. The record further reveals that the wallpaper was received by agents of H & H, who actually hung it in plaintiffs' house. Consequently, it cannot be said as a matter of law that Clark and H & H were not the instigators of Brooks' prosecution. Id.

(b) The trial court also concluded that plaintiffs could not demonstrate that Clark and H & H had acted with malice, the fourth element, because there was no evidence that Clark intended for the information he gave to Sherwin-Williams to be used to prosecute Brooks. This conclusion, however, is unfounded. Although it is true that Clark testified under oath that he never intended for the information he supplied to be used to prosecute Brooks, that testimony is in direct conflict with the original affidavit he gave to Sherwin-Williams, which specifically stated that the information contained therein was part of a criminal report and that Clark was willing to testify in court.

Additionally, there is evidence in this case from which a jury could conclude that the information was provided to Sherwin-Williams in order to pressure plaintiffs into paying the balance due on their house. Specifically, Townsend testified that after Clark signed the original affidavit, either he or H & H's corporate secretary stated: "maybe this will help us get our money too." It is also clear that Clark and H & H had an additional financial interest in submitting the affidavit to Sherwin-Williams in that the affidavit would stop collection efforts against H & H. Based on the above, including the representations made in the affidavit, a jury could determine that Clark and H & H acted with an improper motive or with a reck-

less disregard for or conscious indifference to Brooks' rights, and therefore, they acted with malice. Id. at 352 (3); *Bowen v. Waters*, 170 Ga. App. 65, 67 (2) (316 SE2d 497) (1984).

(c) As the trial court acknowledged, the second and third elements of a malicious prosecution clearly exist in this case because Brooks' prosecution proceeded under a valid warrant issued by a magistrate and was dismissed at the commitment hearing.

(d) There is also evidence from which a jury could find the existence of the fifth element of malicious prosecution. As discussed in Division 1 (a), a jury could determine that the information Clark supplied to Sherwin-Williams was false, misleading or materially incomplete. Lack of probable cause can be shown through evidence of a defendant's knowledge that the information being supplied is false or that it fails to set forth a full, fair and complete statement of the facts or conceals facts. *Willis*, 220 Ga. App. at 353 (4).

(e) Based on her testimony, the jury further could determine that Brooks suffered damages as the result of her arrest and prosecution. Consequently, we hold that the trial court erred in dismissing plaintiffs' malicious prosecution claim as a matter of law.

2. We find no merit in plaintiffs' contention that the trial court erred in transferring venue to Laurens County. This contention is premised on the assertion that Clark and H & H's motion to transfer was untimely. Plaintiffs, however, have cited no authority to support such a position, and we give great deference to the trial court's conclusion to the contrary. Moreover, based on *Collipp v. Newman*, 217 Ga. App. 674, 675 (458 SE2d 701) (1995), once plaintiffs voluntarily dismissed Sherwin-Williams from the suit, it is undisputed that venue in Baldwin County vanished with regard to plaintiffs' malicious prosecution claim. And, we will not reverse the trial court's decision not to sever the lien foreclosure action from that claim pursuant to OCGA § 9-11-42 (b) absent a manifest abuse of discretion. See *Vitner v. Funk*, 182 Ga. App. 39, 42 (1) (354 SE2d 666) (1987); *Wheels & Brakes v. Capital Ford Truck Sales,* 167 Ga. App. 532, 533 (1) (307 SE2d 13) (1983).

Based on the record evidence, no such abuse of discretion exists in this case in light of the fact that only one witness identified during discovery resides in Baldwin County, while the majority reside in Laurens County, and the fact that there is no evidence of prejudice to plaintiffs resulting from the decision not to sever the claims. Furthermore, the decision not to sever the malicious prosecution claim from the counterclaim was authorized for purposes of judicial economy due to the close relationship between each claim. See *Wheels & Brakes*, 167 Ga. App. at 533 (1). Accordingly, we affirm the transfer of venue to Laurens County.

*Judgment affirmed in part and reversed in part. Andrews and*

*Smith, JJ., concur.*

DECIDED NOVEMBER 20, 1996.

*Waddell, Emerson & Buice, Elmarie A. Emerson,* for appellants.
*Martin, Snow, Grant & Napier, William H. Larsen, Freeman & Hawkins, Roger M. Goode, Jones, Hilburn & Claxton, Eric L. Jones, Morris S. Robertson,* for appellees.