A01A1874. SIMMONS v. MABLETON FINANCE COMPANY et al.
(562 SE2d 794)

BARNES, Judge.

Shana Simmons sued Mableton Finance Company and Bernadette Hicks for false arrest and malicious prosecution after she was arrested for armed robbery and kidnapping, but the police decided not to pursue the charges. The defendants answered, denying Simmons' allegations, and alleged in counterclaims that Simmons was the person who robbed them and that they were entitled to damages. The defendants then moved for summary judgment on Simmons' claims against them, which the trial court granted, finding that probable cause existed for Simmons' arrest. The finance company dismissed its counterclaim, while Hicks' counterclaim against Simmons apparently remains pending. Simmons appeals. We affirm the trial court's grant of summary judgment on Simmons' malicious prosecution claim, but for the reasons that follow, we reverse the grant of summary judgment on her false arrest claim.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998).

Viewed in that light, the evidence shows that on December 12, 1997, Simmons called Mableton Finance regarding a loan, and an employee filled out the top half of a loan form with information Sim-

mons gave over the phone. On December 24, 1997, a masked male and an unmasked female robbed Mableton Finance employees Wilhelmina Hampton, Hicks, and Alan Bacon at gunpoint, stealing approximately $1,800 cash according to Hicks' counterclaim.

On January 21, 1998, Simmons came to Mableton Finance and completed her loan application, which Hampton signed. While Hampton testified that her signature was on Simmons' loan application, she did not remember waiting on her. However, Simmons testified that Hampton did wait on her, and the two spoke about having attended the same high school at the same time. More than three months later, on May 7, 1998, Simmons returned to Mableton Finance to secure another loan. Hicks waited on her and then reported to Bacon that she recognized Simmons as the robber. Bacon called the finance company owner, who called Hicks and advised her to call the police. Hicks told the police that Simmons was the female robber from December 1997. Bacon gave the police a copy of Simmons' driver's license.

The investigating detective testified that she was concerned about why someone who robbed an office would return less than a month later to fill out a loan application and questioned Hicks specifically regarding that point. According to the officer, in response to a direct question, Hicks said that no one who waited on Simmons in January 1998 was present during the robbery on December 24, 1997. Because of this statement, the detective did not further investigate the circumstances surrounding Simmons' January 1998 visit to Mableton Finance. She testified, however, that if she had known an employee was present at both the robbery and the January loan interview, her "investigation would have in fact gone straight toward that person." Hicks disputed the officer's account of this conversation, testifying that she told the detective that no one who was present during the May 1998 loan interview was present during the robbery, although she also testified that she knew Hampton was in the office when Simmons came in on January 21, 1998.

Simmons was arrested for armed robbery and kidnapping and held for three days before being released. The detective released Simmons and dismissed the charges after Hampton failed to identify Simmons as the robber during a photographic lineup, and Simmons produced an alibi for December 24, 1997. In her deposition, Hampton testified that she and Simmons went to the same high school, that she remembered Simmons' face, and that Simmons was not the woman who robbed the finance company. While Hampton testified in deposition that she did not remember waiting on Simmons January 21, 1998, her signature was on the form Simmons completed on that date, and Simmons remembered Hampton waiting on her. Further,

Bacon testified that Hampton's signature on the form meant that Hampton had taken the information from Simmons.

Simmons sued Hicks for false arrest and malicious prosecution, and Mableton Finance under the theory of respondeat superior, but did not sue Bacon.

1. The trial court granted total summary judgment to the defendants, analyzing Simmons' false arrest claim but not her malicious prosecution claim. Simmons does not argue on appeal that the trial court erred in granting summary judgment to the defendants on her malicious prosecution claim, and therefore we affirm that portion of the trial court's ruling.

2. "An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." OCGA § 51-7-1. An aggrieved plaintiff must prove three elements in a false arrest claim: an arrest under the process of law, without probable cause and made maliciously. *Simmons v. Kroger Co.*, 218 Ga. App. 721, 722 (1) (463 SE2d 159) (1995). "To make out a claim of false arrest under OCGA § 51-7-1 or malicious prosecution under OCGA § 51-7-40, the plaintiff must show both the presence of malice and the absence of probable cause." *Fleming v. U-Haul Co. &c.*, 246 Ga. App. 681, 682-683 (2) (541 SE2d 75) (2000).

The trial court concluded in this case that the defendants were entitled to summary judgment because the identification of Simmons as the robber by Hicks and Bacon constituted probable cause. Regardless of the identification issue, Simmons argues that Hicks provided false and incomplete information to the investigating detective regarding employees present at both the robbery and Simmons' visit to Mableton Finance the following month. "Ordinarily, the question of want of probable cause is one for jury resolution, unless from the undisputed facts it is obvious to the court that it does or does not exist." (Citations omitted.) *Medoc Corp. v. Keel*, 166 Ga. App. 615, 616 (1) (305 SE2d 134) (1983). Probable cause "cannot exist if defendant knew that the facts stated to the law enforcement official were false or if [she] failed to make a fair, full, and complete statement of the facts as they existed, or if [she] concealed facts." *Willis v. Brassell*, 220 Ga. App. 348, 353 (469 SE2d 733) (1996). Additionally, "[w]hile not conclusive, the dismissal of the charge is evidence that probable cause was lacking." *Melton v. LaCalamito*, 158 Ga. App. 820, 824 (2) (b) (282 SE2d 393) (1981). Viewed in the light most favorable to Simmons as the nonmovant, the investigating detective's testimony presents a question of fact for the jury whether Hicks made false statements or failed to disclose all the facts and thus lacked probable cause to instigate the criminal prosecution. *Brooks v. H & H Creek, Inc.*, 223 Ga. App. 635, 638 (1) (d) (478 SE2d 451) (1996). Thus the trial court erred in granting summary judgment to the defendants on the issue of probable cause.

3. The defendants also argued to the trial court that Simmons failed to present evidence that they acted with malice. "Malice may . . . be inferred if defendants' acts were wanton or were done with a reckless disregard for or conscious indifference to the rights of the plaintiff." (Citation and punctuation omitted.) *K-Mart Corp. v. Lovett*, 241 Ga. App. 26, 28 (2) (525 SE2d 751) (1999). In our view, a question of fact exists for the jury to determine whether Hicks wantonly disregarded Simmons' rights by denying that any employee was present at both the robbery and Simmons' visit to the office the following month, precluding the grant of summary judgment to the defendants on this issue.

4. Finally, the defendants argued in their motion for summary judgment that Simmons failed to show they instigated the prosecution, a required element of false arrest. The law draws a "fine line of demarcation" between cases in which a party who urges the institution of criminal proceedings is potentially liable, and a person who merely relays information to another who independently decides to prosecute is not liable. *Brooks v. H & H Creek*, supra, 223 Ga. App. at 636 (1) (a). "A person may be held liable for unduly influencing the decision to prosecute by providing information that is known to be . . . materially incomplete." Id. at 637. The investigating detective testified that the defendants had made several phone calls and complaints regarding the lack of progress in the case, that she needed to "keep going on this thing to work with Mableton Finance to stop the phone calls," and that the defendants insisted that the detective proceed to take a warrant out on Simmons. This evidence is sufficient to raise a question of fact as to whether the defendants instigated Simmons' prosecution.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 21, 2002.

*Ezor & Olens, Andrew H. Agatston*, for appellant.
*David G. Crockett*, for appellees.