[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12223
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00146-JRH-BKE


BRO T. HESED-EL,
Administrator Trustee,

                                                        Plaintiff-Appellant,

                              versus

COURTNEY MCCORD,
Individual and Official capacity,
VERA L. BUTLER,
Individual and Official capacity,
CITY OF AUGUSTA-RICHMOND COUNTY,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 5, 2020)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

After he was arrested for criminal trespass and the charge was eventually dropped, Bro T. Hesed-El[1] sued Courtney McCord, Vera Butler, and the city of Augusta, Georgia, raising a 42 U.S.C. section 1983 claim under the Fourth Amendment for malicious prosecution, false arrest, and issuing a warrant without legal authority, a section 1983 claim against the city for violating El's procedural due process rights, and state law claims for malicious prosecution, false arrest, and negligent supervision or retention. El appeals the district court's order dismissing his second amended complaint for failure to state a claim. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of El's arrest. In his second amended complaint, El alleged that McCord, a deputy clerk for the warrants office in the magistrate court of Richmond County, held a pre-warrant hearing regarding a tenant's accusation that El had improperly evicted the tenant. McCord determined that probable caused existed to arrest El for criminal trespass. Butler, the warrants office's manager, then allegedly forged a judge's signature on the arrest warrant to make it look like a judge had authorized it, but only McCord had made the necessary probable cause

---

[1] Because El called himself El in his pleadings, we do the same here.

determination.  El was arrested on the warrant and jailed for several days.  The state later dropped the criminal trespass charge.

El sued McCord, Butler, and the city, raising a section 1983 claim under the Fourth Amendment for malicious prosecution, false arrest, and issuing a warrant without legal authority, a section 1983 claim against the city for violating El's procedural due process rights because he did not receive notice of the pre-warrant hearing, and state law claims for malicious prosecution, false arrest, and negligent supervision or retention.

The defendants filed a motion to dismiss El's second amended complaint for failure to state a claim, which the district court granted.  The district court concluded that:  (1) El alleged insufficient and conclusory allegations that there was no probable cause for his arrest, foreclosing his federal and state claims for malicious prosecution and false arrest; (2) he failed to allege plausible facts showing that McCord was not independent from law enforcement or incapable of determining probable cause, barring El's claim that she lacked authority to issue the warrant; (3) because his malicious prosecution and false arrest claims failed, El could not succeed on his derivative negligent supervision or retention claim; and (4) his procedural due process claim failed because he didn't allege that the city had a policy or custom of providing inadequate notice of pre-warrant hearings.

3

El appeals the district court's dismissal of his second amended complaint.[2]

## STANDARD OF REVIEW

We review de novo the district court's dismissal of a complaint for failure to state a claim. Henley v. Payne, 945 F.3d 1320, 1326 (11th Cir. 2019). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Where we review a pro se complaint, as here, we give it a "liberal construction." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). But we cannot act as "de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation and emphasis omitted).

---

[2] El did not argue in his initial brief and therefore abandoned: (1) his appeal of the district court's denial of his motion for reconsideration; (2) his claim that the district court should have entered default judgment in his favor; and (3) his claim for negligent supervision or retention. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.") (emphasis omitted).

## DISCUSSION

El argues that he pleaded sufficient facts establishing that:  (1) there was no probable cause for his arrest; (2) McCord lacked authority to issue the warrant; and (3) the city was liable for his arrest because he did not receive notice of the pre-warrant hearing.  We address each argument in turn.

### *Malicious Prosecution and False Arrest*

The district court concluded that El failed to state a claim for malicious prosecution and false arrest under federal and Georgia law because he did not allege sufficient facts to show the absence of probable cause for his arrest.  El argues that because he pleaded sufficient facts to establish a lack of probable cause, the district court erred in dismissing these claims.

A federal or Georgia claim for malicious prosecution requires proof that the defendant instituted a criminal prosecution against the plaintiff "without probable cause."  Wood v. Kesler, 323 F.3d 872, 881–82 (11th Cir. 2003) (citing Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998)).  Likewise, a federal or Georgia claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest.  Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010); Simmons v. Mableton Fin. Co., 562 S.E.2d 794, 797 (Ga. Ct. App. 2002).  Here, El alleged that McCord conducted a pre-warrant hearing to hear the tenant's accusation that El had improperly evicted the tenant.  El alleged that McCord, after determining

5

that the tenant's complaint supported a probable cause finding, issued a warrant for his arrest.  Finally, El alleged that he was arrested and prosecuted "without probable cause," but offered no plausible or non-conclusory facts to show why probable cause was lacking.

El's conclusory allegations were not enough to survive dismissal.  While we must accept as true the plausible facts alleged in a complaint, legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations."  Iqbal, 556 U.S. at 679.  In the district court's words, El had to raise "non-conclusory allegations allowing the [c]ourt to infer the absence of probable cause."  He failed to do so.  El's conclusory assertion that McCord acted without probable cause is devoid of any facts giving rise to a "plausible suggestion" of malicious prosecution or false arrest.  See Twombly, 550 U.S. at 566.  We therefore affirm the district court's order dismissing these claims.

*McCord's Authority to Issue the Warrant*

El raised a section 1983 claim under the Fourth Amendment alleging that McCord did not have legal authority to issue the warrant.  The district court concluded that Georgia law authorized McCord to issue warrants.  Applying the Supreme Court's two-part test in Shadwick v. City of Tampa, 407 U.S. 345, 350–51 (1972), the district court then concluded that El failed to allege that McCord was not

neutral and detached or incapable of determining probable cause.  The district court

did not err in reaching this result.

El argues that "[t]he Clerk of Court"—in other words, McCord—"didn't have

any legislative authority to issue a warrant against" him, but a deputy clerk[3] in

Richmond County is authorized under Georgia law to issue warrants.  See 1974 Ga.

Laws 2417, § 12 ("The clerk and deputy clerks of [Richmond County] Civil Court shall

have complete power and authority . . . to issue any and all warrants, civil and criminal,

. . . and to discharge any and all other functions, which under the laws of this State are

performable by a justice of the peace."); 1984 Ga. Laws 4471, § 2(b) ("The clerk and

each deputy clerk of the Civil Court of Richmond County shall continue to exercise

the power and authority . . . to issue warrants for the arrest of persons charged with

the commission of crimes . . . .").

El also contends that McCord did not have the legal authority to issue the

warrant because only a judge can issue a warrant for the arrest of a teacher "for any

offense alleged to have been committed while in the performance of [the teacher's]

duties . . . ."  Ga. Code Ann.  § 17-4-40(c).  In his brief, El argues that because he

---

[3] El alleged in his second amended complaint that McCord was an "administrative assistant for the warrants office," but an exhibit attached to the complaint (a letter from Georgia's Judicial Qualifications Commission) identified McCord as a "magistrate."  This exhibit controls over the conflicting allegation in El's complaint.  See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits [to a complaint] contradict the general and conclusory allegations of the pleading, the exhibits govern.").  Moreover, El doesn't seem to dispute that McCord was a clerk.  He referred to McCord as a "clerk" in his response to the motion to dismiss, and he referred to her as "Clerk of Court" throughout his brief.

7

was performing his duties as a teacher during the incident underlying his arrest, McCord had no authority to issue the warrant. But in his second amended complaint, El alleged only that he "was a teacher" without pleading that he was performing his duties as a teacher during the property dispute leading to his arrest. Based on the allegations in El's second amended complaint, the special statute for teachers did not apply to his arrest warrant.

Finally, El argues that the district court misapplied Shadwick because McCord acted in concert with law enforcement, had a financial incentive to issue the warrant, and was not able to determine probable cause. The Fourth Amendment allows a magistrate to issue arrest warrants if she is "neutral and detached" and "capable of determining whether probable cause exists." Shadwick, 407 U.S. at 350. El alleged no facts in his complaint establishing or allowing the plausible inference that McCord lacked independence from law enforcement or was incapable of determining probable cause. Rather, he alleged that McCord issued the warrant after she determined that the tenant's accusation against El was "sufficient evidence to support a finding [of] probable cause . . . ."

For these reasons, we affirm the district court's ruling that El did not allege sufficient facts to allow a "plausible suggestion" of a section 1983 claim under Shadwick against McCord. See Twombly, 550 U.S. at 566.

8

*The City's Municipal Liability Under Section 1983*

El alleged that the city was liable under section 1983 because it did not give him notice of the pre-warrant hearing.  The district court concluded that El failed to allege sufficient facts establishing that the city had a policy or practice which caused him to not receive notice.  We agree.

A municipality cannot be held vicariously liable under section 1983 for a constitutional violation committed by its employee.  Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693–94 (1978)).  But a plaintiff may establish municipal liability by showing that the employee's action "alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers."  Monell, 436 U.S. at 690.  "[T]o demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice."  McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004) (citation and internal quotation marks omitted).

El has not alleged any facts establishing or allowing the plausible inference that the city had a policy or custom that caused him to receive inadequate notice of the pre-warrant hearing.[4]  He therefore failed to plead sufficient facts to establish

---

[4] Even if El alleged that the city had a policy or custom of denying arrestees notice of pre-warrant hearings, we would still affirm the dismissal of this claim because the "Fourth Amendment does not require a suspect to be present for the probable cause determination when that

9

municipal liability.  See Iqbal, 556 U.S. at 678–79; Monell, 436 U.S. at 690–91.

Thus, we affirm the district court's order dismissing El's municipal liability claim.

**AFFIRMED.**[5]

---

determination is made in the context of an application for a warrant." Green v. Byrd, 358 F. Supp. 3d 782, 794 (E.D. Ark. 2018).

[5] We grant El's motion to file his reply brief out of time and deny his motion for judicial notice.